UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE YORRO, et al.,

                    Plaintiffs,

           -against-

GIGI JORDAN, et al.,

                    Defendants.

1:19-CV-7688 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Jacqueline Yorro, who is currently incarcerated in the Taconic Correctional Facility, brings this *pro se* action asserting that the defendants have violated her federal and state-law rights. Plaintiff Jacqueline Yorro also seems to assert claims on behalf of J.J.Y., her 12-year-old grandson.[1] She sues other prisoners, the New York State Department of Corrections and Community Supervision ("DOCCS"), the New York State Division of Parole ("DOP"), a least one New York State Parole Officer, at least one New York City Correction Officer, a DOCCS Deputy Commissioner, a federal official, an attorney, and perhaps, other individuals. She seeks damages and her release from incarceration.

---

[1] Plaintiff Jacqueline Yorro names both herself and her 12-year-old grandson as Plaintiffs in the complaint's caption. For the reasons discussed in this order, the Court will regard Plaintiff Jacqueline Yorro as the only plaintiff in this action. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any reference to a minor's name in a Court submission must be only to the minor's name's initials. Plaintiff refers to her 12-year-old grandson's full name in her complaint, *in forma pauperis* ("IFP") application, and prisoner authorization, and to another 1-year-old minor's full name in her IFP application. For this reason, the Court will refer to Plaintiff's 12-year-old grandson as "J.J.Y." in this order, and has directed the Clerk of Court to restrict electronic access to Plaintiff's complaint, IFP application, and prisoner authorization to a "case participant-only" basis.

By order dated November 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiff's complaint is difficult to understand. Plaintiff states that the events that are the basis of her claims took place on November 27, 2017, at the Taconic Correctional Facility. She asserts that she has been the victim of identity theft and "medical and DNV fraud," and that "this [a]ffected [her] with [her] life [her] freedom and [her] date to go home." (ECF 2, p. 4.) She alleges the following additional facts:

> when inmates/parolee working with OSI, I.G. OSHA and City officer Rodriguez 15812 Retaliating with the same inmates and present family relations who work for the State of NYS DOCC'S and Christopher Nunez OSI/Abraham Brown/Peralta Montiscello C. OSI corruption when I gave them all of my evidence to help me and they are against me because they retaliating with my criminal case and jeopardizing my freedom for Natalia Goberman 17G0352 with Benjie Toggart Behechie, who is her family + ORC Brown, ORC Levevett, S. Swint, K. Watsin CS 10001, 1003 M 08202, 5181807, home invasion in the United States of America including Carlos Santos Florida with my Social Security, who set up a 12 year-old boy who has been bully'd by Rosano family AKA who they live and reside in the same apt. this is abusing a minor who doesn't know how to defend himself this innocent boy who you allowed to be set up by an older boy and is being threatened by them and Emmanuel Cano included and have Rafael Tolentino terminated and speak to attorney Howard Mandell who knows the entire case of [Plaintiff's] and my lawsuit is a Margante Sweeney, Preet

3

> Bharara and they are not responding and Catherine O. Wolfe, Colleen McMahon knows the entire case who she has since 2017. Retaliation, corruption, Fraud, Invasion, Home Invasion for the OSI, I.G., OSHA and FBI Retaliation, Chris Montgomery, Mike Rodriguez over brother how abused me physically at RMSC Rikers Island 5-5-14.

(*Id.* p. 4-5.)

Plaintiff complains of "brutality by police officers and state officers" (*id.* p. 5), as well as mental and emotional abuse committed against her and her father by the City of New York, the State of New York, Rebecca Morales Rosario, "and police officers who she was living with and Ninny Franco, Julio Franco, [and] Alex Espada" (*id.* p. 7).

Plaintiff seeks damages as well as her release from incarceration. (*Id.* p. 5.) She seems to state that she has been incarcerated for "more than [her] minimum sentence" and that New York State Justice Gregory Carro has enlarged her sentence. (*Id.*) She states that "for any future reference[,] speak to Judge Colleen McMahon and Attorney[s] Micaela Gelman [and] Justine Olderman." (*Id.*)

## DISCUSSION

### A. Claims on behalf of others

The Court must dismiss Plaintiff's claims that she brings on behalf of J.J.Y. or any other individual. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney cannot bring an action on behalf of a minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d

553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

Plaintiff has not alleged any facts suggesting that she is an attorney. She cannot, therefore, assert any claims on behalf of another individual, including J.J.Y. The Court therefore dismisses any claims Plaintiff asserts on behalf of any other individual, including J.J.Y., without prejudice.

B. **Private prosecution**

Plaintiff seems to seek to have at least some of the defendants criminally prosecuted. The Court must dismiss those claims. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any claims in which Plaintiff seeks the criminal prosecution of the defendants or others. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C. **The Eleventh Amendment**

The Court construes Plaintiff's claims against DOCCS and DOP as brought under 42 U.S.C. § 1983. But these claims are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States

from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, DOCCS and DOP are arms of the State of New York, and therefore, enjoy Eleventh Amendment Immunity. *See Morgan v. DOCCS*, No. 19-CV-4121 (CM), 2019 WL 5552349, at *2 (S.D.N.Y. Oct. 28, 2019) ("In 2011, the New York State Department of Correctional Services and [DOP] merged to become DOCCS. DOCCS, as an arm of the state, stands in the same position as the State of New York.") (internal quotation marks and citations omitted).

Plaintiff sues DOCCS and DOP, which comprise a New York State agency. The Court therefore dismisses Plaintiff's § 1983 claims against DOCCS and DOP under the doctrine of Eleventh Amendment immunity and because those claims are frivolous.[3] *See* § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

---

[3] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

D. *Habeas corpus* relief

Plaintiff seeks her release from the state sentence she is currently serving. The Court construes that request as a request for *habeas corpus* relief under 28 U.S.C. § 2254. Before a litigant can seek that relief, § 2254 requires a litigant to exhaust all of her available state-court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement means that the state courts must be given the first opportunity to review constitutional errors associated with a litigant's custody. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A litigant may satisfy the exhaustion requirement by fairly presenting her claims through a state's established appellate review process. *Id.* at 845. "A [litigant] has 'fairly presented' h[er] claim only if [s]he has 'informed the state court of both the factual and legal premises of the claim [s]he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

Plaintiff has alleged no facts showing that, before bringing this action, she exhausted the available state-court remedies with regard to her state conviction or sentence. The Court therefore grants Plaintiff leave to amend her complaint to allege facts showing that she has exhausted the available state-court remedies before bringing this action. Plaintiff must also include in her amended complaint her grounds for federal *habeas corpus* relief and any facts that support those grounds.

E. Rule 8

Plaintiff's complaint does not comply with the Rule 8 pleading standard because it fails to provide facts sufficient to suggest that Plaintiff has a plausible claim for relief. Even assuming that Plaintiff's allegations are true, Plaintiff does not give enough detail to suggest that any of the individual defendants are legally responsible for the alleged violations of federal law or the other alleged injuries Plaintiff has suffered. *See Iqbal*, 556 U.S. at 678 (a complaint must "allow[] the

[C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged").

Plaintiff's complaint is not very clear. It seems to suggest that DOCCS officials, a New York City Correction Officer, other prisoners, police officers, as well as other individuals have violated Plaintiff's federal and state rights and have otherwise injured her. But Plaintiff does not give sufficient detail to suggest how any of those individuals, regardless of whether Plaintiff has named any of them as defendants, is legally responsible for the violations of her rights or any other injuries she has sustained; Plaintiff merely alleges that those individuals have violated her rights or otherwise injured her. Thus, her allegations do not state a plausible claim for relief and, therefore, do not satisfy the Rule 8 pleading standard. *See id.* ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation omitted).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which she alleges sufficient facts to state a claim for relief that satisfies the Rule 8 pleading standard. Plaintiff must "nudge[] [her] claims across the line from the conceivable to plausible." *Twombly*, 550 U.S. at 570.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of her rights or injured her. If Plaintiff does not know

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending her complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants.

To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2018, in the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated her rights or injured her; *what* facts show that her rights were violated or that she was injured; *when* such violations or injuries occurred; *where* such violations or injuries occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff must not reassert claims in her amended complaint that the Court has dismissed in this order.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff (Jacqueline Yorro), and note service on the docket.

The Court dismisses without prejudice any claims Plaintiff asserts on behalf of J.J.Y. or any other individual.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.[6] Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-7688 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the

---

[6] The Court reminds Plaintiff that her amended complaint must comply with Rule 5.2 of the Federal Rules of Civil Procedure. She must not refer to a minor by using his or her full name – she must refer to a minor's name by only using the minor's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3).

Court will dismiss Plaintiff's *habeas corpus* claims without prejudice, and any remaining claims for failure to state a claim on which relief may be granted.[7]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 22, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[7] The Court notes that Plaintiff asserts that the undersigned "knows the entire case" and that "she has since 2017." (ECF 2, p. 5.) In 2017, Plaintiff brought a *pro se* action in this Court known as *Yorro v. NYS DOC*, 1:17-CV-9405, that was assigned to my docket. By order dated January 13, 2018, the Court severed some of Plaintiff's claims in that action and transferred them to the United States District Court for the Western District of New York, dismissed other claims, and granted Plaintiff leave to file an amended complaint. (ECF 1:17-CV-9405, 10, p. 17-18.) The Western District of New York later dismissed the claims that this Court had transferred to it for failure to state a claim. *Yorro v. NYS DOC*, 6:18-CV-6026, 12, 13 (W.D.N.Y.), *appeal dismissed for failure to pay fees or seek IFP status*, 18-953 (2d Cir. Apr. 24, 2018). On March 30, 2018, because Plaintiff failed to file an amended complaint, this Court also dismissed *Yorro*, 1:17-CV-9405 for failure to state a claim. *Yorro*, ECF 1:17-CV-9405, 11 (S.D.N.Y. Mar. 30, 2018), *appeal dismissed for failure to pay fees or seek IFP status*, No. 18-1134 (2d Cir. July 17, 2018).

The Court warns Plaintiff that if she attempts to assert claims that she previously brought or could have brought in an action that this Court or the Western District of New York has previously adjudicated on the merits, the Court will dismiss them under the doctrine of claim preclusion.