UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE YORRO,

        Plaintiff,

-against-

GIGI JORDAN, et al.,

        Defendants.

1:19-CV-7688 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    By order dated November 22, 2019, the Court granted Plaintiff, who is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*, leave to file an amended complaint.

    On November 27, 2019, the Court received a letter from Plaintiff in which she makes requests and allegations about (1) the fees collected for this action, other litigation, and restitution, (2) payments for her family's household expenses, (3) her pending litigation, (4) the length of her prison term, (5) the criminal activity of others, (6) the failure of her family to communicate with her, and (7) her need for new identification. (ECF 6.)

    On December 16, 2019, the Court received another letter from Plaintiff in which she makes allegations and requests about (1) the criminal activity of others, (2) the failure of state officials to provide her with documents about her criminal proceeding, (3) packages that she was supposed to receive, but were discarded by prison officials, (4) her release from incarceration, and (5) her pending litigation. (ECF 7.)

    The Court received Plaintiff's amended complaint on January 3, 2020. (ECF 8.) She names as defendants Gigi Jordan, who appears to be another prisoner, as well as "retaliation, corruption, Attorney's Fraud[u]l[e]nt, Attorney's Assistance, Boo[k]keepers, Pharmaceutical Fraud," and other individuals, including a New York City Correction Officer and employees of

the New York City Department of Investigation, the Office of the New York State Attorney General, and perhaps, federal agencies. (ECF 8, at 1, 3.) Seven days later, the Court received yet another letter from Plaintiff in which she (1) requests release from incarceration, (2) asks the Court to commence a new law suit for her, (3) accuses others of criminal acts, (4) seeks the suspension of correction officers, and (5) requests that her pending litigation be settled. (ECF 9.)

The Court construes Plaintiff's letters as supplements to her amended complaint. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

**A.     November 22, 2019 order**

In its November 22, 2019 order, the Court dismissed without prejudice Plaintiff's claims that she asserted on behalf of others. (ECF 5, at 4-5.) It also dismissed for failure to state a claim Plaintiff's claims in which she sought the criminal prosecution of the defendants or others. (*Id.* at 5.) The Court further dismissed as frivolous and for seeking monetary relief from immune defendants Plaintiff's claims against the New York State Department of Corrections and Community Supervision and the former New York State Division of Parole under the doctrine of Eleventh Amendment immunity. (*Id.* at 5-6.)

The Court construed Plaintiff's request for her release as a request for *habeas corpus* relief under 28 U.S.C. § 2254. (*Id.* at 7.) It granted Plaintiff leave to amend her complaint to allege facts showing that she exhausted her available state-court remedies to seek her release before bringing this action. (*Id.*) The Court also directed Plaintiff to include in her amended complaint her grounds for *habeas corpus* relief and any facts supporting those grounds. (*Id.*)

3

The Court further held that Plaintiff did not comply with the Rule 8 pleading standard because her original complaint did "not give enough detail to suggest that any of the individual defendants are legally responsible for the alleged violations of federal law or the other alleged injuries Plaintiff has suffered." (*Id.* at 7 (citing *Iqbal*, 556 U.S. at 678)). The Court granted Plaintiff leave to amend her complaint to allege sufficient facts to state a claim for relief that satisfies the Rule 8 pleading standard. (*Id.* at 8.)

B. **Amended complaint and supplements**

Plaintiff's amended complaint and its supplements are not very clear. Plaintiff asserts that the defendants have violated her federal constitutional rights. She sues Gigi Jordan, who appears to be another prisoner, as well as "retaliation, corruption, Attorney's Fraud[u]l[e]nt, Attorney's Assistance, Boo[k]keepers, Pharmaceutical Fraud," and other individuals, including a New York City Correction Officer and employees of the New York City Department of Investigation, the Office of the New York State Attorney General, and perhaps, federal agencies. (ECF 8, at 1, 3.)

Plaintiff seems to assert that at least some of the defendants participated in criminal acts, including the theft of her identity. She alleges that prosecutors have abused and retaliated against her. She also alleges that correction officers have verbally and sexually abused her. She states that she has reported these acts to government officials but they have ignored her. Plaintiff further alleges that correction officials have failed to provide her with adequate medical care, retaliated against her, and have discarded packages that were sent to her.

## DISCUSSION

Plaintiff's amended complaint and its supplements suffer from the same deficiencies that Plaintiff's original complaint suffered from.

**A.     *Habeas corpus* relief**

Plaintiff again requests her release. The Court again construes this request as one for *habeas corpus* relief under 28 U.S.C. § 2254. But Plaintiff has failed to show that she exhausted the available state-court remedies for seeking her release before bringing this action. She has also failed to assert her grounds for *habeas corpus* relief and provide any facts that support those grounds. The Court therefore denies Plaintiff's request for § 2254 *habeas corpus* relief without prejudice.

**B.     Rule 8**

The Court construes Plaintiff's remaining claims as brought under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and state law. But Plaintiff fails to comply with the Rule 8 pleading standard.

Plaintiff alleges that many individuals, including another prisoner, New York State and City officials, and perhaps, federal officials and others have injured her. But she does not allege sufficient facts to suggest how any of the defendants is legally responsible for the violations of any of her federal or state rights or otherwise injured her. Her allegations are merely the type of "unadorned[] the-defendant-unlawfully-harmed-me-accusation[s]" that the United States Supreme Court has held fail to comply with Rule 8 because they do not allow the Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the Court dismisses Plaintiff remaining claims for failure to state a claim on which relief may be granted.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] As discussed in the Court's November 22, 2019 order, Plaintiff cannot state a claim by seeking the criminal prosecution of others. (*See* ECF 5, at 5). She also cannot state a claim by asserting that government officials have failed to enforce the law. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc.*

# CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action.

The Court denies without prejudice Plaintiff's request for *habeas corpus* relief under 28 U.S.C. § 2254.

The Court dismisses for failure to state a claim on which relief may be granted the remainder of Plaintiff's claims. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies all remaining requests for relief as moot. (ECF 6, 7, & 9.)

Because Plaintiff's amended complaint and its supplements make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 21, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

*Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994).